UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TEXAS SAMUEL BARNETT,

        Plaintiff,

v.

HAROLD OBIAKOR,

        Defendant.

_____/

Case No. 2:24-cv-11533
District Judge Terrence G. Berg
Magistrate Judge Anthony P. Patti

**ORDER DENYING PLAINTIFF'S FILING FEE REQUESTS (ECF Nos. 16, 17), DENYING DEFENDANT'S MOTION (ECF No. 25), SETTING DEADLINE FOR DEFENDANT'S CHALLENGE TO THE PLEADING, and STAYING DISCOVERY**

**A.**  **Background**

Texas Samuel Barnett is currently located at the Michigan Department of Corrections (MDOC) Macomb Correctional Facility (MRF).  *See* https://mdocweb.state.mi.us/OTIS2/otis2.aspx (last visited Sept. 2, 2025).  In June 2024, while located at MRF, Barnett filed a lawsuit against Harold Obiakor, M.D. regarding treatment of Barnett's right shoulder.  (ECF No. 1, PageID.6, 7, 8, 15.) Although Plaintiff did not complete the "basis for jurisdiction" portion of his form prisoner civil rights complaint (*see id*., PageID.4-5), the civil cover sheet indicates jurisdiction is based on federal question (ECF No. 1-1, PageID.97), and the complaint's approximately 80 pages of exhibits include, *inter alia*, MDOC

1

Medical Detail Special Accommodations dated October 16, 2023 (*id.*, PageID.20, 69), Dr. Obiakor's October 17, 2023 MDOC Clinical Encounter notes (*id.*, PageID.21-23), a November 1, 2023 right shoulder x-ray (*id.*, PageID.27-28), and copies of MDOC Grievance Identifier MRF-24-01-185-28E (*id.*, PageID.43-44, 85-90). (*See also* ECF No. 12.) Therefore, it would seem Plaintiff is attempting to allege a claim of deliberate indifference to serious medical needs in violation of the Eighth Amendment.

The U.S. Marshal has facilitated service upon Defendant Obiakor (*see* ECF Nos. 9, 11, 15, 18), who has appeared via counsel (ECF Nos. 21, 24), filed an answer (ECF No. 19), and also filed an updated status report on Wellpath's bankruptcy proceedings and dischargement (ECF No. 22).[1]

Judge Berg has referred this case to me for pretrial matters (ECF No. 14). (*See also* ECF No. 13.) Two matters currently require the Court's attention.

**B.    Plaintiff's Filing Fee Requests**

In August 2024, the Court entered an order waiving prepayment of the filing fee and directing periodic subsequent payments of the filing fee. (ECF No. 8; *see also* ECF Nos. 2, 5, 6, 7, 10.) Among other things, the order provided: "The

---

[1] Defendants' certificates of service are problematic, in that they contend to have served certain matters "upon all counsel of record at the email address provided in the above-captioned matter[,]" (ECF No. 20, PageID.155; ECF No. 23, PageID.314); however, Plaintiff is not an e-filer.

initial partial filing fee in this case is $0.00. Plaintiff must make monthly payments of twenty percent (20%) of the preceding month's income credited to plaintiff's account. 28 U.S.C. § 1915(b)(2)." (ECF No. 8, PageID.111.) The order also provided that the Court "will notify the agency having custody of plaintiff when plaintiff has paid the entire filing fee of $350.00." (*Id*.)

In February 2025, at which point Plaintiff had paid $55.09 of the filing fee, and again in April 2025, at which point Plaintiff had paid $94.44 of the filing fee, Plaintiff wrote to the Court, challenging the withdrawals from his prisoner account, seeking a refund, and wondering "who is taking my funds per month." (*See* ECF No. 16, PageID.131-132, 136; ECF No. 17, PageID.142-143.) He claims he is "barely making ends meet in here and all my funds go for copies" at 0.25 cents per page and also questions why funds were not taken out in February 2025, but were taken out in March 2025. (*Id*., PageID.142.) To the extent Plaintiff's requests seek a refund of monies withdrawn thus far and applied toward his filing fee, Plaintiff's requests (ECF Nos. 16, 17) are **DENIED**. Magistrate Judge Grand's August 12, 2024 order explains that a prisoner "must pay the full filing fee for this civil action[,]" and specifically orders "the agency having custody of plaintiff [i.e., the MDOC] to forward to the Clerk of the Court, on a monthly basis if funds are available, twenty percent (20%) of the preceding month's income credited to

3

plaintiff's account." (ECF No. 8.) This provision explains why there might be withdrawals some months and not in others.[2]

### C. Defendant's Motion

On August 26, 2025, Defendant Obiakor filed a motion, which asks the Court to screen Plaintiff's complaint pursuant to 28 U.S.C. § 1915A(a) and "identify any cognizable claims." (ECF No. 25, ¶ 5.) This screening statute provides that, "[o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—**(1)** is frivolous, malicious, or fails to state a claim upon which relief may be granted; or **(2)** seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b) ("Grounds for Dismissal.").

Upon consideration, Defendant's motion (ECF No. 25) is **DENIED**. Preliminarily, it is not clear that Plaintiff was served with a copy of this motion, because Defendant's proof of service certifies that he "e-filed the foregoing document . . . using the ECF *e-filing system*[,] which will send a copy of this document together with notification to all counsel of record[,]" (ECF No. 25,

---

[2] Citing the Court's June 12, 2024 notice of mediation program (ECF No. 3), Plaintiff's requests also inquire about mediation (see ECF No. 16, PageID.131; ECF No. 17, PageID.142); however, the *Pro Se Prisoner Early Mediation Program* is only implemented if the *pro se* prisoner civil rights case is eligible. Cases like Plaintiff's – where the sole Defendant is a contract employee, not an MDOC employee – ordinarily do not participate in this program.

4

PageID.319 (emphasis in original)), and Plaintiff is confined in prison. There is no indication that the motion was served upon Plaintiff by mail to him in prison.

As to the merits, the Court screened this case in August 2024, which prompted the Court's August 12, 2024 orders granting Plaintiff's application to proceed without prepaying fees or costs and directing service without prepayment of costs; otherwise, the Court typically would not have granted Plaintiff's *in forma pauperis* application (ECF No. 2) or directed service by the U.S. Marshal. (*See* ECF Nos. 8, 9.) Screening is the Court's responsibility, on its own initiative. *See, e.g.*, *Davis v. Birkett*, No. 13-11780, 2014 WL 765072, at *1 (E.D. Mich. Feb. 26, 2014) (Cox, J., *accepting and adopting report and recommendation of* Majzoub, M.J.) ("the Court has reviewed the complaint in accordance with its duty to screen complaints under 28 U.S.C. §§ 1915(e)(2) and 1915A with respect to unserved Defendants . . . ."); *Wilson v. Michigan Dep't of Corr.*, No. 12-CV-15652, 2013 WL 5346376, at *3 (E.D. Mich. Sept. 23, 2013) (Borman, J., *adopting report and recommendation of* Majzoub, M.J.) ("This matter comes before the Court on the motion to dismiss filed by Defendant MDOC . . . , and on the Court's duty to screen prisoner civil rights complaints filed against a governmental entity, 28 U.S.C. § 1915A, and review complaints filed *in forma pauperis,* 28 U.S.C. § 1915(e)(2)(B)."). It is not prompted by motion, and, indeed, this is the first such motion the Undersigned has seen in over 10 years on the bench. Defendant is left

5

to his own devices if he feels that the pleadings are somehow inadequate, namely, via appropriate motion as provided in the Federal Rules of Civil Procedure. *See, e.g.*, Fed. R. Civ. P. 8(a) ("Claim for Relief."), Fed. R. Civ. P. 12(b) ("How to Present Defenses."), Fed. R. Civ. P. 12(e) ("Motion for a More Definite Statement."); *see also* 42 U.S.C. § 1997e(a) ("Applicability of Administrative Remedies"). Nothing is stopping him from doing so. Defendant **SHALL** file any such motion no later than **Wednesday, October 8, 2025**. Until then, or until any such motion on the pleadings is decided, discovery in this case is **HEREBY STAYED**.

  IT IS SO ORDERED.[3]

Dated: September 3, 2025

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

---

[3] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).