UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TEXAS SAMUEL BARNETT,

       Plaintiff,

v.

HAROLD OBIAKOR,

       Defendant.
_____/

Case No. 2:24-cv-11533
District Judge Terrence G. Berg
Magistrate Judge Anthony P. Patti

## ORDER STRIKING LETTER (ECF No. 30) and EXTENDING DEADLINE FOR PLAINTIFF TO RESPOND TO SUMMARY JUDGMENT MOTION and EXTENDING STAY OF DISCOVERY

As my Practice Guidelines for *Pro Se* Cases make clear, "Letters to the Court are neither pleadings nor motions and will be stricken." Plaintiff filed a one-page letter to the Court (ECF No. 30), dated the day before his summary judgment response was due (*see* ECF No. 29), attaching 24 pages of disconnected supporting documents, asserting that Defendant Obiakor's November 13, 2025 motion for summary judgement (ECF No. 27, some of which was attached to Plaintiff's letter) violates the October 8, 2025 deadline given by the Court for filing a motion attacking the *adequacy of the pleadings* under Rules 8 and 12 (See ECF No. 26, PageID.325). It is unclear whether Plaintiff's letter was meant to serve as his perfunctory response to the summary judgment motion or as a motion to strike the summary judgment motion.

In any case, Plaintiff is incorrect in his assertion that Defendant's motion was untimely, as Defendant opted not to attack the pleadings under Rules 8 or 12, but instead moved for summary judgment for failure to exhaust administrative remedies under Rule 56.  "The summary judgment motion is especially well suited to pretrial adjudication of an exhaustion defense, because proof of lack of exhaustion generally requires resort to matters outside the pleadings, such as affidavits or documentary evidence." *Anderson v. Jutzy*, 175 F. Supp. 3d 781, 787 (E.D. Mich. 2016) (Lawson, J., adopting in part report and recommendation of Whalen, M.J.). Additionally, "[a] motion for summary judgment on the exhaustion issue necessarily addresses the merits of an affirmative defense." *Id*. at 788 (favorably referring to *Albino v. Baca*, 747 F.3d 1162, 1168 (9th Cir. 2014)). Accordingly, Plaintiff's letter to the Court (ECF No. 30) is **HEREBY STRICKEN** as improper, and his deadline for responding to the summary judgment motion (ECF No. 27) is **HEREBY EXTENDED** to **January 21, 2026**, after which the motion will be deemed unopposed in the absence of a clearly designated response.

Additionally, the stay of discovery is also **HEREBY EXTENDED**, pending resolution of the exhaustion-based motion for summary judgment. *See Cromer v. Braman*, Case No. 1:07-cv-9, 2007 WL 3346675, at *1 (W.D. Mich. Nov. 7, 2007) (staying discovery pending resolution of dispositive motions based upon allegations that a *pro se* plaintiff failed to exhaust administrative remedies).

*See also Chavous v. Dist. of Columbia Financial Responsibility and Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D. D. C. 2001) ("A stay of discovery pending the determination of a dispositive motion 'is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.'") (internal citations omitted).

    It is **SO ORDERED**.

Dated:  December 22, 2025

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE