UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TEXAS SAMUEL BARNETT
(#397132),

                Plaintiff,

v.

HAROLD OBIAKOR,

                Defendant.

_____/

Case No. 2:24-cv-11533
District Judge Terrence G. Berg
Magistrate Judge Anthony P. Patti

**ORDER (1) DENYING DEFENDANT OBIAKOR'S FEBRUARY 7, 2026 MOTION (ECF No. 32) and (2) REQUIRING PLAINTIFF TO SHOW CAUSE WHY HIS CLAIMS AGAINST OBIAKOR SHOULD NOT BE DISMISSED UNDER FED. R. CIV. P. 41(b) AND E.D. MICH. LR 41.2**

**A.**     **Defendant Obiakor's November 13, 2025 exhaustion-based motion for summary judgment (ECF No. 27) is unopposed.**

Judge Berg has referred this case to me for pretrial matters. (ECF No. 14.) Currently before the Court is Defendant Obiakor's November 13, 2025 motion for summary judgment for failure to exhaust administrative remedies (ECF No. 27), which Obiakor served upon Plaintiff at the Michigan Department of Corrections (MDOC) Macomb Correctional Facility (MRF) (*see* ECF No. 28) and as to which Plaintiff's response was originally due on December 12, 2025 (*see* ECF No. 29). On December 22, 2025, the Court entered an order which, in part, extended the

deadline for Plaintiff to respond to January 21, 2026 (*see* ECF No. 31), and, on December 23, 2025, a copy of this order was mailed to Plaintiff at MRF (*see* Dec. 23, 2025 Text-Only Certificate of Service).

To date, Plaintiff has not filed a response, which means that Defendant Obiakor's November 13, 2025 motion is unopposed.  *See* E.D. Mich. LR 7.1(c)(1) ("A respondent opposing a motion must file a response, including a brief and supporting documents then available.").

### B.      Plaintiff's address of record (MRF) appears to be correct.

In December 2025, *i.e.*, at the time of his most recent filing, Plaintiff was located at MRF (*see* ECF No. 30, PageID.390), and his address of record remains MRF.  The Court's orders have not been returned as undeliverable.  Indeed, the MDOC's Offender Tracking Information System (OTIS) also indicates that Plaintiff is currently located at MRF.  (*See* www.michigan.gov/corrections, "Offender Search," last visited Feb. 9, 2026.)

### C.      Defendant Obiakor's February 7, 2026 motion (ECF No. 32) is DENIED.

On February 7, 2026, Defendant Obiakor filed a motion (ECF No. 32) to enforce this Court's order extending his response deadline (*see* ECF No. 31). Defendant Obiakor specifically asks the Court "to enforce its Scheduling Order, hold Defendant's Motion for Summary Judgment as uncontested, grant the

Motion for Summary Judgment, and dismiss him from this matter." (ECF No. 32, PageID.396.)

Upon consideration, Defendant Obiakor's motion (ECF No. 32) is **DENIED**. Notwithstanding E.D. Mich. LR 7.1's requirement that "[a] respondent opposing a motion must file a response, including a brief and supporting documents then available[,]" E.D. Mich. LR 7.1(c)(1), "a district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded." *Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991). "The court is required, at a minimum, to examine the movant's motion for summary judgment to ensure that he has discharged that burden." *Carver*, 946 F.2d at 455.

### D.      Dismissal for Failure to Prosecute

Eastern District of Michigan Local Rule 41.2 provides that "when it appears that . . . the parties have taken no action for a reasonable time, the Court may, on its own motion after reasonable notice or on application of a party, enter an order dismissing or remanding the case unless good cause is shown." E.D. Mich. LR 41.2. Here, Plaintiff has not filed anything directly on the docket since his letter, which was dated and post-marked December 11, 2025 and filed effective December 16, 2025. (*See* ECF No. 30, PageID.366, 390.)

More problematically, as noted above, Plaintiff did not timely respond to Defendant Obiakor's pending, November 13, 2025 dispositive motion (ECF No.

27), even when ordered by the Court and given more time than permitted by the procedural rules (*see* ECF Nos. 29, 31).

### E.     Order

Upon consideration, the Court will make a single, brief effort to determine whether Plaintiff has abandoned the instant lawsuit.  Upon consideration, **ON OR BEFORE Monday, March 2, 2026**, Plaintiff is **ORDERED TO SHOW CAUSE, in writing**, as to (1) why his case against Obiakor should not be dismissed in accordance with Federal Rule of Civil Procedure 41(b) and E.D. Mich. LR 41.2 for his failure to comply with the Court's order requiring response (*see* ECF No. 31) and/or under Fed. R. Civ. P. 41(b) for his failure to prosecute; and, (2) also propose a reasonable and conservative extended deadline for filing a response to Defendant Obiakor's pending motion (*see* ECF No. 27), should the Court choose to permit a response.  Failure to comply with this Order **shall** result in a Report and Recommendation that the Court dismiss Plaintiff's claims against Defendant Obiakor pursuant to Fed. R. Civ. P. 41(b) and E.D. Mich. LR 41.2.

**IT IS SO ORDERED.**

Dated:  February 9, 2026

_____
Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

4