UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TEXAS SAMUEL BARNETT,

        Plaintiff,

Case No. 2:24-cv-11533
District Judge Terrence G. Berg
Magistrate Judge Anthony P. Patti

v.

HAROLD OBIAKOR,

        Defendants.

_____/

## ORDER DENYING PLAINTIFFS MOTION FOR APPOINTMENT OF COUNSEL (ECF No. 34)

**A. Instant Motion**

Currently, before the Court is Plaintiff's February 13, 2026 motion for appointment of counsel.[1]  In his motion, Plaintiff respectfully requests that counsel be appointed for him in this civil matter because "I truly would need someone who understands the laws in which I'm clueless in and someone who knows how to

---

[1] This request came in the form of a letter, not a proper motion, although the Court will overlook that procedural irregularity for the moment and treat it as a motion; however, going forward, Plaintiff is forewarned, as stated in the Undersigned's Practice Guidelines, that, "Letters to the Court are neither pleadings nor motions and will be stricken. Definitions of and requirements for pleadings and motions are provided in Federal Rules of Civil Procedure 7 through 11, with additional local requirements set forth at Local Rules 7.1 through 11.2."

work or knows how to fight [a] winning case for myself." (ECF No. 34, PageID.401.)

**B. Recruitment of Counsel**

As a preliminary matter, the Court does not have the authority to appoint a private attorney for Plaintiff in this civil matter. Proceedings in *forma pauperis* are governed by 28 U.S.C. §1915, which provides that "[t]he court *may* request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1) (emphasis added). However, even if circumstances of Plaintiff's case convinced the Court to engage in such a search, "[t]here is no right to recruitment of counsel in federal civil litigation, but a district court has discretion to recruit counsel under 28 U.S.C. § 1915(e)(1)." *Dewitt v. Corizon, Inc.*, 760 F.3d 654, 657 (7th Cir. 2014) (emphasis added). The appointment of counsel in a civil case, therefore, "is a privilege and not a right." *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) (internal quotation and citation omitted).

With respect to prisoner civil rights cases, the Court of Appeals for the Sixth Circuit has held that "there is no right to counsel in prisoner civil rights cases. [internal citation omitted] The appointment of counsel in a civil proceeding is justified only by exceptional circumstances." *Bennett v. Smith*, 110 F. App'x 633, 635 (6th Cir. 2004). In evaluating a matter for "exceptional circumstances," a

2

court should consider: (1) the probable merit of the claims, (2) the nature of the case, (3) the complexity of the legal and factual issues raised, and (4) the ability of the litigant to represent him or herself. *Lince v. Youngert*, 136 F. App'x 779, 782 (6th Cir. 2005); *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993); *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003); *Mars v. Hanberry*, 752 F.2d 254, 256 (6th Cir. 1985).  The Court has considered these factors here and denies the motion.

### C. Analysis

#### 1.  Probable merit of Plaintiff's claims

Plaintiff, a state prisoner, brought this lawsuit alleging Defendant has neglected his medical needs when evaluating his shoulder pain at Macomb Correctional Facility. (ECF No. 1, PageID.6.)  At this stage in the litigation, it is too early for the Court to judge the merits of the Plaintiff's claims.  The Court generally waits to seek *pro bono* counsel until the cases survives all dispositive motion practice.  This is due to the limited number of *pro bono* counsel who are willing and available, and the significant number of individuals who would like the help of volunteer attorney services.

The Court has not yet ruled on Defendant's motion for summary judgment (ECF No. 27), under Rule 56 Fed. R. Civ. P. 56, regarding Plaintiff's purported

failure to exhaust administrative remedies. (ECF No. 27.)  Plaintiff has attached to his motion a copy of his step III grievance, which indicates that he completed the grievance process shortly after filing his complaint. (ECF No. 34, PageID.402; ECF No.1.)  It is premature for the Court to assess the probable merit of the Plaintiff's claims when a summary judgment motion remains unresolved. Therefore, absent exceptional circumstances, at this stage of litigation it is too early for the Court to seek *pro bono* counsel.

### 2.  Nature of the case and the complexity of the issue

Plaintiff does not state that the issues in this case raise extraordinarily complex factual and legal issues.  Plaintiff simply states, "I truly would need someone who understands the law in which I'm clueless in and someone who knows how to word or knows how to fight [a] winning case for myself." (ECF No. 34, PageID.401.)  The Court acknowledges that the Plaintiff may not have legal knowledge; however, this is true of most *pro se* litigants.  Though having counsel would be helpful in this matter, it is not an extraordinary circumstance for a *pro se* litigant to be without legal knowledge.  Indeed, it is the same position in which all but a handful or legally trained *pro se* litigants find themselves.

Plaintiff makes no particular claims regarding the nature of the case and complexity of the issue.  Although he mentions needing someone who can "word"

4

or "fight a winning case for him," the Court cannot find that the nature and complexity of this case favor the recruitment of counsel at this time. (*Id*.)

### 3.  Indigency and ability of Plaintiff to represent himself

Plaintiff claims, "I needed [an] extention [sic] but only work on state payments month to month and I needed my hygiene each month so I couldn't afford to send [a] note asking the courts for another extension [sic][.]" (*Id.*)  The Court will assume from this, and because Plaintiff is incarcerated, that he is indigent. However, "indigence alone … is not an exceptional circumstance." *Buchanan v. Lee*, 618 F. Supp. 3d 707 at 712 (M.D. Tenn. 2022).

Plaintiff pleaded, "… being right handed hurts to hold a pen, to be functional, can't sleep with the pain of burning effecting the upper extremities by pain, suffering of the shoulder causing my whole right arm to go numb all down to my fingers causing swelling, tingling, and it hurts to move it, I'm not a whole person due to this medical neglecting me my healthcare rights to be seen, treated and or cured." (ECF No.1, PageID.6.)  Plaintiff also states, "I'm having … swelling in the whole arm including my hand and fingers causing me to wait out several hours to try finishing up writing paper to file paperwork." (*Id.*, PageID.15.)  Plaintiff's motion does not directly highlight how this may affect his abilities to represent himself in this matter, except that it may take him longer to complete lawsuit

5

relating writing. The Court acknowledges the plaintiff's claims of physical and mental pain; however, Plaintiff's filings illustrate his ability to communicate clearly with the Court in the instant action, even if it may take him several hours. Indeed, the Plaintiff states in his complaint that his shoulder pain started at his previous correctional facility, and has existed since at least 2023. (ECF No. 1, PageID.6.) Despite Plaintiff's pain, he presents neat and clear communications with the Court. Even assuming his physical and mental pain could result in any kind of mental impairment, such impairments standing alone are not enough to justify appointment of counsel. *See Deatrick v. Unknown Dalton Unknown David Willis Chapman Kristopher Steece*, No. 1:23-cv-12942, 2024 U.S. Dist. LEXIS 105392, at *7 (E.D. Mich. June 12, 2024).

Attached to Plaintiff's complaint is a copy of an email from the Office of Legislative Corrections Ombudsman (ECF No.1, PageID.17-18), alongside his medical records. (*Id.*, PageID.19-39.). The email from the Office of Legislative Corrections reviewed Plaintiff's medical records and observed that "… you had an x-ray completed on 11/1/23 which showed no evidence of acute osseous fracture and no radiographic evidence of soft tissue swelling." (*Id.*, PageID.17.) Additionally, the email states Plaintiff was denied an MRI because the need for such test was "[n]ot clinically indicated at this time based on the information provided." (*Id.*) There is no indication that these injuries have affected his ability

to clearly communicate with the Court or his competence to handle the matter on his own behalf.

Therefore, Plaintiff does not present an exceptional circumstance which would presently warrant this Court's intervention.  If this case survives summary judgment and is proceeding to trial, the Court can revisit whether to recruit counsel and generally does so at that juncture.

### D. Order

Accordingly, Plaintiff's motion for appointment of counsel (ECF No. 34) is **DENIED WITHOUT PREJUDICE.**  Plaintiff may petition the Court for the recruitment of *pro bono* counsel if this case survives all dispositive motion practice, proceeds to trial, or other exceptional circumstances demonstrate such a need in the future.

**IT IS SO ORDERED.**

Dated: February 26, 2026

_____
Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE